U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 10 2013
CLERK, U.S. DISTRICT COURT
By ______
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA §
§
vs. § NO. 4:13-CV-220-A
§ (NO. 4:10-CR-140-A-1)
JESSIE KELLY §
§

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Jessie Kelly ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, and applicable legal authorities, the court concludes that the motion lacks merit and should be denied.

I.

Background

Movant pleaded guilty, pursuant to a plea agreement, to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The United States Sentencing Guidelines recommended a sentence between 262 and 327 months imprisonment; however, the court took note of movant's extensive and violent criminal history, and determined that a sentence above the guideline range was necessary, and that movant have "a very lengthy sentence of imprisonment that would keep him

out of society for a sufficient length of time to cause him no longer to have a desire to commit a crime." Sentencing Tr. at 14-19. The court then sentenced movant to 420 months imprisonment. Movant's conviction and sentence were affirmed on appeal, United States v. Kelly, 455 F. App'x 511 (5th Cir. 2011), and certiorari review was denied, Kelly v. United States, 132 S. Ct. 2114 (Apr. 30, 2012). Movant timely filed his motion under § 2255 on March 18, 2013.

II.

Grounds of the Motion

Movant identified two grounds for relief in his motion: (1) counsel was ineffective for failing to argue on appeal that movant was illegally convicted for possession of a firearm in furtherance of drug trafficking, without being convicted of the underlying offense of drug trafficking; and (2) that 18 U.S.C. § 924(c) violates the Tenth Amendment because it impermissibly interferes with the sovereign interests of the State of Texas. Mot. at 7.

III.

Analysis

A. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claim

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Movant argues that his attorneys were deficient because he informed them that the crime for which he was convicted, possession of a firearm in furtherance of drug trafficking, "cannot stand without an underlying offense of drug trafficking or violent crime," but they did not raise that issue on appeal. Mot. at 6. However, as the government points out, it is well-settled that a conviction under § 924(c) does not require an underlying drug trafficking conviction, as it the "fact of the offense, and not a conviction, that is needed to establish the required predicate." United States v. Munoz-Fabela, 896 F.2d 908, 911 (5th Cir. 1990); United States v. Wilson, 884 F.2d 174 (5th Cir. 1989).

Movant signed a factual resume, in which it was stipulated that he possessed large quantities of marihuana for sale and distribution for others, and that he possessed four firearms "to protect his family, his marihuana and proceeds of marihuana sales." Factual Resume, at 2-3. The factual resume also stated the elements of the offense: that to be convicted under § 924(c), the government would have to prove that movant (1) committed the crime of possession with intent to distribute marihuana as alleged in Count 1 of the indictment, and (2) movant knowingly possessed a firearm during and in relation to the commission of possession with intent to distribute marihuana. At movant's

rearraignment hearing, the court reviewed the elements of the offense and the stipulated facts contained in the factual resume with movant, and movant admitted under oath that all of the facts were true, and that he was guilty of elements of the offense outlined in the factual resume. Rearraignment Tr. at 17-18. Thus, movant admitted to the predicate offense necessary to sustain a conviction under § 924(c), any argument that the conviction was illegal would have been frivolous, and movant's attorneys could not have been deficient for failing to raise a frivolous issue on appeal. See Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

C. Claim that § 924(c) Violates the Tenth Amendment

Movant contends that § 924(c) interferes with the sovereignty of the State of Texas because Texas "has a statute to prosecute the case" and that movant "had not committed a crime against the United States since possession of a firearm in furtherance of a drug trafficking with the State of Texas did not victimize the United States in anyway." Mot. at 5, 7. However, movant did not raise this argument on direct appeal, and is procedurally barred from raising it on collateral review, as he does not demonstrate the requisite cause and prejudice to excuse

his procedural default. Furthermore, movant's claim is meritless.

A movant "who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors." United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996); Murray v. Carrier, 477 U.S. 478, 493 (1986). "Cause . . . must be something external to [movant] that cannot fairly be attributable to him," and "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." Coleman v. Thompson, 501 U.S. 722, 753 (1991). "Prejudice" requires movant to show that "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152, 170 (1982).

First, movant does not explain why he failed to raise this issue on appeal, and does not identify any impediments that could have prevented him from raising the issue. Second, even if movant had demonstrated cause, he cannot show prejudice because there is no merit to his claim.

Section 924(c) governs the possession and use of firearms in connection with illegal drug activities governed by federal law,

and it is well-settled that "Congress can regulate purely intrastate activity that is not itself 'commercial' in that it is not produced for sale, if it concludes that failure to regulate that class of activity would undercut the regulation of the interstate market in that commodity [drugs]." Gonzales v. Raich, 545 U.S. 1, 18 (2005). The Controlled Substances Act, 21 U.S.C. § 801 et seq., "regulates the production, distribution, and consumption of commodities for which there is an established, and lucrative, interstate market," Id. at 26. The Fifth Circuit has held that offenses committed in furtherance of drug trafficking are properly regulated under federal law. See United States v. Britt, 112 F. App'x 352, 356 (5th Cir. 2004) ("Murder relating to or in furtherance of such properly regulated activity [drug trafficking] can clearly be proscribed by the federal government."); United States v. Lopez, 2 F.3d 1342, 1367 (5th Cir. 1993) (noting that "all drug trafficking, intrastate as well as interstate, has been held properly subject to federal regulation on the basis of detailed Congressional findings that such was necessary to regulate interstate trafficking"). Like the laws at issue in these case, section 924(c) proscribes conduct in furtherance of drug trafficking under the Controlled Substances Act, and does not violate the Tenth Amendment.

IV.

Order

Therefore,

The court ORDERS that the motion of Jessie Kelly to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

The court further ORDERS that movant's motion to appoint counsel, be, is are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 10, 2013.

JOHN McBRYDE
United States District Judge